UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

      Plaintiff,                  CIVIL ACTION NO. 17-cv-14019

      v.                          DISTRICT JUDGE PAUL D. BORMAN

JOHN DOE subscriber assigned     MAGISTRATE JUDGE MONA K. MAJZOUB
IP address 68.43.176.195,

      Defendant.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SERVE
A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE [4]**

Before the Court is Plaintiff Strike 3 Holdings, LLC's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. (Docket no. 4.) Plaintiff brings this copyright infringement action against a John Doe Defendant, who is identified only by the internet protocol ("IP") address allegedly used to unlawfully download copyrighted content owned by Plaintiff. (Docket no. 1.) Plaintiff requests leave to serve a third party subpoena, prior to the Rule 26(f) conference, on Defendant's internet service provider ("ISP"), Comcast Cable Communications, LLC, in order to learn Defendant's identity. (Docket no. 5, p. 7.) Plaintiff's motion has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 8.)

Federal Rule of Civil Procedure 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule (26)(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." In exercising the discretion granted by Rule 26(d)(1) to order

early discovery, several courts in this District, and elsewhere across the country, have applied a "good cause" standard in similar file sharing cases to determine whether such discovery should be authorized. *See Third Degree Films v. Does 1-36*, No. 11-15200, ECF No. 5 (E.D. Mich. December 2, 2011); *Patrick Collins, Inc. v. Does 1-23*, No. 11-15231, ECF No. 4 (E.D. Mich. Dec. 1, 2011); *Malibu Media, LLC v. Does 1 through 13*, No. 12-01513, 2012 WL 2800123, at *3 (E.D. Cal. July 9, 2012). In copyright infringement cases, courts have further refined the "good cause" standard, permitting limited discovery prior to a Rule 26(f) conference related to the identity of a John Doe defendant where: "(1) the plaintiff makes a prima facie showing of a copyright infringement claim; (2) the plaintiff submits a specific discovery request; (3) the information sought is limited in scope and not available through alternative means; and (4) there is a minimal expectation of privacy on the part of the defendant." *Malibu Media*, *supra*, E.D. Mich. No. 12-12202, ECF No. 7, at 2 (citing *Arista Records, LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010); *Arista Records, LLC v. Does 1-15*, No. 07-450, 2007 U.S. Dist. LEXIS 97283 (S.D. Ohio Nov. 5, 2007); *Patrick Collins v. Does* 1-21, No. 11-15232, ECF No. 5 (E.D. Mich. Dec. 16, 2011)).

In this case, the Court concludes that Plaintiff has demonstrated good cause for early discovery, pleading a plausible claim of copyright infringement and specifically identifying the information sought. Courts addressing similar requests have concluded that defendants do not have a reasonable expectation of privacy in their IP addresses. *See, e.g., Malibu Media*, *supra*, E.D. Mich. No. 12-12202, ECF No. 7, at 2 (collecting cases). The requested information is also necessary, otherwise unavailable, and, as modified by this Court's order, narrowly tailored to the limited purpose of discovering the identity of the individual associated with the identified IP address.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [4] is **GRANTED IN PART** as follows:

1. Plaintiff shall attach a copy of this Order to the subpoena it issues to John Doe's ISP.

2. Plaintiff's subpoena to the ISP may seek ONLY the following information regarding John Doe:

    a. full name, and
    b. residential address.

3. Within 7 days of its receipt of the subpoena, the ISP shall reasonably attempt to identify the subject John Doe subscriber and provide him or her with a copy of the subpoena and this Order.

4. The ISP shall have twenty-one (21) days from the service of the subpoena to move to quash or otherwise object to the subpoena. John Doe shall have fourteen (14) days from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena. The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Where no motion is filed by either the ISP or John Doe within the time periods prescribed herein, the ISP shall produce to Malibu the information identified in Paragraph 2(a) and (b) above.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: February 1, 2018         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:  February 1, 2018         s/ Leanne Hosking
                                 Case Manager